IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.C. FISCHER AND COMPANY, | No. C-09-02316 EDL |
| Plaintiff, | **ORDER FOLLOWING PRETRIAL CONFERENCE** |
| v. | |
| CHARLES CARTWRIGHT, | |
| Defendant. | |

On July 12, 2011, the Court held a pretrial conference in this case. At the conference, the Court ordered as follows:

1. The trial is scheduled from 9:00 a.m. to 4:00 p.m. on July 21 and 22, 2011. The Court will take a forty-five minute lunch and two fifteen minute breaks. The parties are each allocated six hours of trial time in this case.

2. Defendant's Motion in Limine to exclude evidence of personal injury sustained in the collision is granted in part and denied in part. Evidence of personal injuries is not directly relevant to the issues in this case, which seeks damages for injury to property only, but may potentially be relevant to explain, for example, actions taken or not taken after the accident. The Court cautions Plaintiff not to dwell on the issue of personal injury.

3. The Court rejects Defendant's argument that Plaintiff lacks standing. This matter is unlike Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303 (1927), in which the Court established a general rule against recovery of economic loss caused by a maritime tort to the person or property of another. See also Nautilus Marine, Inc. v. Niemela, 170 F.3d 1195, 1196 (9th Cir. 1999). Instead, this case is like Amoco Transport Co. v. S/S Mason Lykes, 768 F.2d 659, 666 (5th Cir. 1986), in which the court declined to apply Robins Dry Dock:

The spectre of runaway recovery lies at the heart of the Robins Dry Dock rubric. As Professors Prosser and Keeton noted in their most recent work:

> The policy against recovery based on negligence is rooted at least in part on what Professor James has called the "pragmatic objection," that while physical harm generally has limited effects, a chain reaction occurs when economic harm is done and may produce an unending sequence of financial effects best dealt with by insurance, or by contract, or by other business planning devices.

Prosser & Keeton on the Law of Torts (5th Ed.1984), § 129, p. 1001, citing James, Tort Liability for Economic Loss, 1972, 25 Vand.L.Rev. 43, 45.

The claim against Amoco by the cargo owners is in the nature of an equitable subrogation of Lykes' rights. So viewed, there would be no double recovery, much less runaway recovery. As the professors again observed, "subrogation recoveries involve only one loss ... there is no potential in such cases for a chain of recoveries...." Id. at 999.

The instant case is not within the parameters of the evil to be remedied. There is no danger of an unlimited round of recoveries. The cargo owners make no attempt to recover for remote contractual losses or real or speculative lost profits. Rather, they seek only to recover, with and through the vessel, those actual, out-of-pocket expenses they incurred which were directly occasioned by the collision.

Amoco, 768 F.2d at 668-69.

4. Plaintiff's objection to Defendant's exhibit L is sustained. Defendant's objection to Plaintiff's exhibit 1 is overruled; exhibit 1 is not hearsay because it is an admission of a party opponent. Defendant's objection to Plaintiff's exhibit 2 is sustained.

5. No later than Thursday, July 14, 2011, the parties shall file simultaneous briefs of no more than five pages addressing the legal issue of comparative fault. No later than Thursday, July 14, 2011, the parties may file simultaneous briefs of no more than two pages regarding the legal issue of the joint survey.

6. No later than Wednesday, July 13, 2011, the parties shall file briefs regarding the evidentiary issues raised regarding the public records exception to the hearsay rule and whether legal conclusions contained in the police report of the incident should be excluded as such. Accordingly, the Court defers ruling on Plaintiff's objections to Defendant's exhibits C and D and on Defendant's objections to Plaintiff's exhibit 3 pending receipt of the parties' briefing.

7. Percipient witnesses, other than party representatives, shall be excluded from the courtroom during trial unless they are testifying. If there is a dispute regarding exclusion of expert

2

1  witnesses, the parties shall file briefs of not more than two pages addressing this issue no
2  later than Thursday, July 14, 2011.
3  8.  No later than July 18, 2011, the parties shall lodge deposition excerpts, if any.
4  **IT IS SO ORDERED.**

7  Dated: July 13, 2011

*[signature: Elizabeth D. Laporte]*
ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California

3